UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

UNITED NATIONAL INSURANCE COMPANY

                  Plaintiff,

           -against-

SELECTIVE INSURANCE COMPANY,

                  Defendants.

-------------------------------------------------------------------x

CIV:

**COMPLAINT**

Plaintiff, UNITED NATIONAL INSURANCE COMPANY, by its attorneys MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, complaining of the defendant SELECTIVE INSURANCE COMPANY, alleges as follows:

### THE PARTIES

1. That at all relevant times, plaintiff, UNITED NATIONAL INSURANCE COMPANY ("UNITED"), was and still is a foreign corporation duly incorporated in the State of Pennsylvania under the laws of Pennsylvania conducting business in New York.

2. That upon information and belief, at all relevant times, defendants, SELECTIVE INSURANCE COMPANY ("SELECTIVE") was and still is a corporation organized and existing by virtue of the laws of the State of New Jersey.

3. That upon information and belief, at all relevant times, defendant SELECTIVE was authorized to issue policies in the State of New York.

4. That upon information and belief, at all times hereinafter mentioned, defendant SELECTIVE was licensed to issue policies of insurance within the State of New York.

5. That at all times hereinafter mentioned, defendant SELECTIVE was engaged in the business of insurance within the State of New York.

## JURISDICTION

6. That this Court has subject matter jurisdiction due to diversity of citizenship and an amount in controversy in excess of $75,000 exclusive of interest and costs, pursuant to 28 U.S.C. §1332.

7. That venue is proper in this District pursuant to 28 U.S.C. §1391 in that SELECTIVE does substantial business in this District.

8. That a controversy exists between the parties as to the coverage afforded under a policy of insurance and the provisions of said policy.

9. That circumstances exist that justify a determination by the Court, pursuant to 28 U.S.C. §2201, of the rights and obligations of the defendants as to the terms of the aforesaid policy of insurance, a determination that will be beneficial to both plaintiff and defendants.

10. That plaintiff has no adequate remedy at law.

## THE SUBJECT POLICIES

11. That the defendant, SELECTIVE, issued a Commercial General Liability policy of insurance to Jeff Lowe Plumbing, Heating and Air Conditioning, Inc. ("Lowe"), Policy Number S1681263, for the Policy Period September 1, 2004 to September 1, 2005 (the "SELECTIVE POLICY").

12. That the SELECTIVE POLICY provided limits of liability of $1,000,000 per occurrence for bodily injury and/or property damage that occurred during the construction of the St. Clara Church of God in Christ in Kingston, New York 12401 ("The Church").

13. That the SELECTIVE POLICY listed Musialkiewicz Construction ("Musialkiewicz") as an additional insured or provided additional insured coverage for all those entities Lowe was required to name as an additional insured.

14. That, in the alternative, the SELECTIVE POLICY provided "insured contract" coverage for all contracts in which Lowe agreed to indemnify another's tort liability resulting in an occurrence during the SELECTIVE POLICY period.

15. That UNITED issued Policy Number L7172793 to Musialkiewicz for the period of August 15, 2004-August 15, 2005 ("UNITED POLICY").

16. That the terms and conditions of the UNITED POLICY specified that it was in excess of the SELECTIVE POLICY for any liability incurred by Musialkiewicz as a result of the actions of Lowe, its agents or employees.

## THE INDEMNIFICATION CONTRACTS

17. That on March 15, 2004, Musialkiewicz and The Church entered into a contract whereby Musialkiewicz agreed to act as the general contractor for construction at The Church.

18. That "Attachment A" of the aforementioned contract required "the subcontractor" to purchase a comprehensive general liability policy with a $1,000,000 per occurrence limit naming Musialkiewicz as an additional insured to be held harmless for tort liability during the period of the subcontractor's work.

19. That on April 4, 2005, Lowe entered into a subcontract with The Church to perform certain work on The Church ("the LOWE CONTRACT").

20. That "Attachment A" of the LOWE CONTRACT required "the subcontractor" Lowe to purchase a comprehensive general liability policy with a $1,000,000 per occurrence limit

naming Musialkiewicz as an additional insured to be held harmless for tort liability during the period of the subcontractor's work.

## THE UNDERLYING INCIDENT

21. That on July 20, 2005, Mathew Roloson, ("Roloson"), an employee of Lowe, allegedly injured himself when he fell from a ladder while working at The Church.

22. That UNITED was subsequently notified of the above mentioned incident by Musialkiewicz's insurance broker.

23. That in accordance with the terms and conditions of the construction contracts and SELECTIVE POLICY referenced above, UNITED timely sought indemnification and defense from LOWE'S insurer, SELECTIVE, pursuant to the aforesaid contract.

24. That SELECTIVE wrongfully denied coverage of UNITED in breach of the SELECTIVE POLICY.

## THE UNDERLYING ACTIONS

25. That on or about April 6, 2006, ROLOSON commenced the action entitled Matthew Roloson v. St. Clara Church of God in Christ and Musialkiewicz Construction Co., Inc., Index No. 1185/06, in New York State Supreme Court. (THE "Roloson Action")

26. That the complaint in the Roloson action alleges that on July 20, 2005 he was working for Lowe on the construction site of The Church when the ladder upon which he was standing was caused to shift or move, causing him serious injury.

27. That the complaint in the Roloson Action alleges that Musialkiewicz was negligent and also violated the New York Labor law.

4

28. That UNITED has undertaken the defense of Musialkiewicz pursuant to the terms and conditions of the UNITED POLICY.

29. That the date of the alleged occurrence was within the SELECTIVE POLICY periods; that the SELECTIVE POLICY was in full force and effect; and the SELECTIVE POLICY had not been terminated on the date of the alleged occurrence.

30. That notice of this occurrence was promptly provided to SELECTIVE.

31. That despite receiving prompt and timely notice of the occurrence, SELECTIVE wrongly denied coverage in the Roloson Action in breach of the SELECTIVE POLICY on the basis it did receive timely notice.

## AS AND FOR A FIRST CAUSE OF ACTION

32. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of the complaint numbered "1" through "31" as if fully set forth at length herein.

33. That SELECTIVE was contractually obligated to provide Musialkiewicz with coverage pursuant to the terms of the SELECTIVE POLICY.

34. That on February 3, 2006, SELECTIVE wrongfully and belatedly disclaimed coverage of UNITED in the underlying action for failure to provide timely notice of Roloson's injury on July 20, 2005 at The Church.

35. That UNITED timely notified SELECTIVE of Roloson's injury immediately after discovering that Musialkiewicz was an additional insured on the SELECTIVE POLICY as a result of a diligent investigation.

36. That SELECTIVE'S refusal to defend and indemnify Musialkiewicz was in breach of the terms and conditions of the SELECTIVE POLICY.

## AS AND FOR A SECOND CAUSE OF ACTION

37. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of the complaint numbered "1" through "36" as if fully set forth at length herein.

38. That SELECTIVE'S disclaimer was also in violation of Insurance Law §3420(d), which requires insurers to timely disclaim coverage. That New York Law has interpreted §3420(d) to require insurers to disclaim within 30 days of a request for coverage by an insured.

39. That SELECTIVE did not disclaim within 30 days of the request for counsel.

40. That SELECTIVE is thus estopped from disclaiming and must defend and indemnify Musialkiewicz.

41. That UNITED seeks a judicial determination by the Court of defendants' obligations under the SELECTIVE POLICY and LOWE CONTRACT to defend and indemnify Musialkiewicz in the Roloson action and further to pay all damages which may be awarded by the Court.

**WHEREFORE**, plaintiff UNITED NATIONAL INSURANCE COMPANY requests that judgment be made and entered herein:

      (a)  Declaring that the defendant, SELECTIVE INSURANCE COMPANY, are obligated to defend and indemnify plaintiff, UNITED NATIONAL INSURANCE COMPANY, under the SELECTIVE commercial general liability policy number S 1681263, with respect to all claims asserted against them in the Roloson action, and

      (b)  Ordering that defendants are obligated to reimburse the plaintiff, UNITED NATIONAL INSURANCE COMPANY, for all fees, costs and expenses that the plaintiff has and will expend in the defense of the Roloson action.

6

(c)  Granting to plaintiff such other and further relief as this Court may deem just,

proper, and equitable under the circumstances, together with the costs and

disbursements of this action.


DATED:      Mineola, New York
            July 2, 2007

                        MIRANDA SOKOLOFF SAMBURSKY
                        SLONE VERVENIOTIS LLP
                        Attorneys for Plaintiff
                        **UNITED NATIONAL INSURANCE
                        COMPANY**

                        By:_____
                        Michael A. Miranda (MAM-6413)
                        The Esposito
                        240 Mineola Boulevard
                        Mineola, New York 11501
                        (516) 741-7676
                        Our File No.:  06-417


TO:   SELECTIVE INSURANCE COMPANY
      40 WANTAGE AVENUE
      BRANCHVILLE, NJ 07890
      973-948-3000

7