```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                CASE NO.:
=================================X           07-CV-621
UNITED NATIONAL INSURANCE COMPANY,

               Plaintiff,                    ANSWER

     - against -                             TRIAL BY JURY DEMANDED

SELECTIVE INSURANCE COMPANY,

               Defendant.
=================================X
```

**This Defendant, SELECTIVE INSURANCE COMPANY, by its attorneys, BOEGGEMAN, GEORGE & CORDE, P.C., as and for an answer to plaintiffs' complaint alleges upon information and belief as follows:**

### THE PARTIES

1. This answering defendant denies knowledge or information sufficient to form a belief as the truth of the allegations set for contained in Paragraph '1' of the plaintiff's complaint.

2. This answering defendant denies knowledge or information sufficient to form a belief as the truth of the allegations set contained in Paragraphs '2', '3', '4' and '5' of the plaintiff's complaint and refer all questions of law to this Court.

### JURISDICTION

3. This answering defendant denies each and every allegation contained in Paragraphs '6', '7' and '9' of the plaintiff's complaint and refers all questions of law to this Court.

4. This answering defendant denies each and every allegation contained in Paragraph '10' of the plaintiff's complaint.

### THE SUBJECT POLICIES

5. This answering defendant denies each and every allegation contained in Paragraph '11' of the plaintiff's complaint except admits a Commercial General Liability policy of insurance was issued to Jeff Lowe Plumbing, Heating and Air Conditioning, Inc. ("Lowe"), Policy Number S1681263) and refer all questions of law to this Court.

6. This answering defendant denies knowledge or information sufficient to form a belief as the truth of the allegations set contained in Paragraph '12' of the plaintiff's complaint and refer all questions of law to this Court.

7. This answering defendant denies each and every allegation contained in Paragraphs '13' and '14' of the plaintiff's complaint and refers all questions of law to this Court.

8. This answering defendant denies knowledge or information sufficient to form a belief as the truth of the allegations set contained in Paragraph '15' of the plaintiff's complaint.

9. This answering defendant denies each and every allegation contained in Paragraph '16' of the plaintiff's complaint.

**THE INDEMNIFICATION CONTRACTS**

10. This answering defendant denies knowledge or information sufficient to form a belief as the truth of the allegations set contained in Paragraph '17' of the plaintiff's complaint.

11. This answering defendant denies knowledge or information sufficient to form a belief as the truth of the allegations set contained in Paragraphs '18', '19' and '20' of the plaintiff's complaint and refers all questions of law to this Court.

**THE UNDERLYING INCIDENT**

12. This answering defendant denies knowledge or information sufficient to form a belief as the truth of the allegations set contained in Paragraphs '21' and '22' of the plaintiff's complaint.

13. This answering defendant denies each and every allegation contained in Paragraphs '23' and '24' of the plaintiff's complaint.

**THE UNDERLYING ACTIONS**

14. This answering defendant denies knowledge or information sufficient to form a belief as the truth of the allegations set contained in Paragraphs '25', '26', '27' and '28' of the plaintiff's complaint.

15. This answering defendant denies each and every allegation contained in Paragraph '29' of the plaintiff's complaint and refer all questions of law to this Court.

16. This answering defendant denies each and every allegation contained in Paragraphs '30' and '31' of the plaintiff's complaint.

### ANSWERING A FIRST CAUSE OF ACTION

17. Repeats and reiterates with the same force and effect as though fully set forth herein each and every response made heretofore in answer to Paragraphs '1' through '31' in response to Paragraph '32' of the plaintiff's complaint.

18. This answering defendant denies each and every allegation contained in Paragraph '33' of the plaintiff's complaint and refer all questions of law to this Court.

19. This answering defendant denies each and every allegations contained in Paragraphs '34', '35' and '36' of the plaintiff's complaint.

### ANSWERING A SECOND CAUSE OF ACTION

20. Repeats and reiterates with the same force and effect as though fully set forth herein each and every response made heretofore in answer to Paragraphs '1' through '36' in response to Paragraph '37' of the plaintiff's complaint.

21. This answering defendant denies each and every allegations contained in Paragraphs '38', '40' and '41' of the plaintiff's complaint.

22. This answering defendant denies each and every allegation contained in Paragraph '39' of the plaintiff's complaint and refer all questions of law to this Court.

**AS AND FOR A FIRST, SEPARATE AND COMPLETE DEFENSE**

23. That the defendant was not provided with proper notice under the policy.

**AS AND FOR A SECOND, SEPARATE AND COMPLETE DEFENSE**

24. Even if coverage exists, defendant's coverage is excess to plaintiff's coverage.

**AS AND FOR A THIRD, SEPARATE AND COMPLETE DEFENSE**

25. The claim is improper based upon a failure to comply with the terms and conditions of the defendant's policy.

**AS AND FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE**

26. That the plaintiff's policy does not contain language that would trigger primary insurance under the defendant's policy.

**AS AND FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE**

27. The underlying contract does not render the defendant's policy primary coverage.

**AS AND FOR A SIXTH, SEPARATE AND COMPLETE DEFENSE**

28. That the plaintiff's case is barred by the doctrine of laches.

**AS AND FOR A SEVENTH, SEPARATE AND COMPLETE DEFENSE**

29. That the plaintiff is barred from bringing this action based upon the doctrine of collateral estoppel.

**WHEREFORE, defendant, SELECTIVE INSURANCE COMPANY, demands judgment dismissing the plaintiffs' complaint together with the costs and disbursements of this action.**

Dated:   White Plains, New York
         July 31, 2007

                                              **Yours, etc.**

                                      **BOEGGEMAN, GEORGE
    & CORDE, P.C.**

_____
**KAREN A. JOCKIMO, ESQ. - 9021
A MEMBER OF THE FIRM
ATTORNEYS FOR THE DEFENDANT:
SELECTIVE INSURANCE COMPANY**
Address and P.O. Address
11 Martine Avenue
White Plains, New York 10606
(914) 761-2252

TO:   **MICHAEL A. MIRANDA, ESQ.
      MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP
      ATTORNEYS FOR THE PLAINTIFF**
      The Esposito
      240 Mineola Boulevard
      Mineola, New York 11501
      (516) 741-7676

STATE OF NEW YORK        )
                         SS.:
COUNTY OF WESTCHESTER    )

ELISABETH M. CRUPI, being duly sworn, deposes and says:

1. I am employed by the law firm of BOEGGEMAN, GEORGE & CORDE, P.C., counsel for the defendant, SELECTIVE INSURANCE COMPANY, in the above-entitled action and I am over 18 years of age. I am not a party to this action.

2. On July 30, 2007, I served a true copy of the ANSWER, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York addressed to the last known address of all attorneys to this action, to wit:

TO: MICHAEL A. MIRANDA, ESQ.
    MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP
    ATTORNEYS FOR THE PLAINTIFF
    UNITED NATIONAL INSURANCE COMPANY
    THE ESPOSITO
    240 MINEOLA BOULEVARD
    MINEOLA NY 11501
    (516) 741-7676


_____
                            ELISABETH M. CRUPI


Sworn to before me this
30TH day of JULY, 2007


_____
        NOTARY PUBLIC